# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STEPHANIE HARRIS, on behalf of herself and others similarly situated, | : CIVIL ACTION |
| Plaintiff, | : FILED ELECTRONICALLY ON DECEMBER 5, 2022 |
| v. | : JURY TRIAL DEMANDED |
| AWP, INC., d/b/a Area Wide Protective, | : |
| Defendant. | : |

## COMPLAINT – COLLECTIVE ACTION

Stephanie Harris ("Plaintiff") brings this lawsuit against AWP, INC., d/b/a Area Wide Protective ("Defendant"), seeking all available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*. Plaintiff's FLSA claim is asserted as a collective action under 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

1. Jurisdiction is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. Venue in this Court is proper under 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff resides in Dover, Delaware.

4. Defendant is headquartered in North Canton, OH and registered to do business in Delaware.

5. Plaintiff is an employee covered by the FLSA.

6. Defendant is an employer covered by the FLSA.

## FACTS

7. Defendant owns and operates a traffic control business that

"deliver[s] comprehensive traffic management services in support of infrastructure projects, construction, and utility work" at road construction sites across 28 states. *See* generally https://www.awptrafficsafety.com/ (last reviewed 11/14/22).

8. Defendant employs workers who are paid on an hourly basis to work as flaggers, referred to by Defendant as "Protectors," at the construction sites.

9. Plaintiff was employed by Defendant as a flagger during the three-year period relevant to this lawsuit.

10. At the beginning of the workday, Plaintiff and other flaggers must report to Defendant's shop, where they receive their job assignments, gather and load onto company vehicles cones and other equipment, and board company vehicles for travel to the construction site.

11. At the end of the workday, Plaintiff and other flaggers load the company vehicles with cones and other equipment, board the company vehicles, and travel back to Defendant's shop.

12. Defendant pays Plaintiff and other flaggers an hourly wage. Plaintiff's hourly wage, for example, was $16.00.

13. Defendant deems Plaintiff and other flaggers eligible for "time and-one-half" overtime premium pay for hours worked over 40 per week. Plaintiff's applicable overtime pay rate was $24.00 ($16.00 X 1.5).

14. In determining the overtime premium pay owed to Plaintiff and other flaggers, Defendant does not count all time attributed to travel between Defendant's shop and the construction site. For example, for certain job assignments, Plaintiff recalls working up to 12 hours a day, 5 days a week. During these assignments, Defendant required Plaintiff to report to

the shop at 6:00 a.m. but Defendant did not begin paying her until she arrived at the construction site at 7:00 a.m.

## COLLECTIVE ACTION ALLEGATIONS

15. Plaintiff brings her FLSA claim as a collective action pursuant to 29 U.S.C. §216(b). She sues on behalf of all individuals employed by Defendant as flaggers in Delaware within the past three years.

16. Plaintiff's FLSA claim should proceed as a collective action because she and other putative collective members, having worked pursuant to the common compensation policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

## COUNT I – FLSA

17. The FLSA requires that employees receive overtime premium compensation "not less than one and one-half times" their regular pay rate for hours worked over 40 per week. *See* 29 U.S.C. § 207(a)(1).

18. In failing to pay Plaintiff and other collective members compensation for some of their hours worked over 40 per week, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions and, as such, willfully violated the FLSA.

## PRAYER FOR RELIEF

Plaintiff, on behalf of herself and other members of the collective, seeks the following relief:

    A.    Unpaid overtime wages and prejudgment interest;

    B.    Liquidated damages to the fullest extent permitted under the FLSA;

    C.    Litigation costs, expenses, and attorneys' fees; and

D.      Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial.

Date: December 5, 2022                      Respectfully,

*/s/Daniel C. Herr*
Daniel C. Herr (No. 5497)
Law Office of Daniel C. Herr LLC
1225 North King Street
Suite 1000 (10th Floor)
Wilmington, DE 19801
(302) 483-7060
dherr@dherrlaw.com

Deirdre Aaron (motion for admission *pro hac vice* forthcoming)
Winebrake & Santillo, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
(215) 884-2491
daaron@winebrakelaw.com

4